IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC.,<br>Plaintiff,<br>v.<br>PHILIP MOYER,<br>Defendant. | Case No. 2:19-cv-1176<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Philip Moyer ("Moyer" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of Washington for King County to this Court. Removal is based on the following grounds:

1. On July 26, 2019, Plaintiff Amazon.com, Inc. ("Amazon") commenced this action in the Superior Court of the State of Washington for King County, entitled *Amazon.com, Inc. v. Philip Moyer*, Case No. 19-2-19848-6 SEA ("Complaint"), against Moyer, who recently resigned from his position at Amazon and accepted a position at Google, Inc ("Google"). Seeking to prevent Moyer from working at Google, Amazon's Complaint alleges claims for breach of contract and injunctive relief, among others. A true and correct copy of the Complaint, with the accompanying attachments, is attached hereto as **Exhibit 1.**



**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

2. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it is filed within 30 days of receipt of Plaintiff's Complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought.

3. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and (b), in that the amount in controversy exceeds $75,000, exclusive of interest and costs and the action involves citizens of different States.

**I. Diversity of Citizenship Exists.**

4. Defendant is, and at all relevant times was, a citizen of the State of Pennsylvania. Compl. ¶ 4; Declaration of Philip Moyer in Support of Notice of Removal ("Moyer Decl.") ¶ 3.

5. For diversity purposes, a corporation is "a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

6. Amazon is now, and at all relevant times was, a Delaware corporation with its principal place of business in the State of Washington. Compl. ¶ 3.

7. Because there exists complete diversity of citizenship, this court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. §§ 1441(a) and (b).

**II. The Amount in Controversy Exceeds $75,000.**

8. The Complaint seeks both specific injunctive relief and unspecified damages for unjust enrichment. Compl. IV.A–B.

9. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The Ninth Circuit applies the "either viewpoint" rule for the purposes of calculating the amount in controversy. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).



**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

10. When, as here, a complaint seeks a judgment relating to a non-compete clause, to determine the value of enforcing the non-compete clause from the employee's point of view, courts will look to employee's current salary from the new employer, because if the restrictive covenant clause is enforced, the employee stands to lose his ability to earn that salary. *See, e.g.*, *Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB NLS, 2015 WL 728631, at *4 (S.D. Cal. Feb. 19, 2015); *Prutsman v. Rust Consulting, Inc.*, No. C12 6448 PJH, 2013 WL 1222707, at *1 (N.D.Cal. Mar.25, 2013); *Rao v. Tyson Foods, Inc.*, No. 1:09 CV 303 AWI SMS, 2009 WL 1657458, at *1 (E.D.Cal. June 12, 2009).

11. Defendant's compensation at Google during the period that Amazon seeks to prevent him from working at Google will exceed $75,000.00. Moyer Decl. ¶ 4.

12. Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

14. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

DATED this 26th day of July 2019

Respectfully submitted,

**ANGELI LAW GROUP LLC**

s/ Tyler P. Francis
TYLER P. FRANCIS, WSBA No. 53533

*Attorneys for Defendant Philp Moyer*



**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**CERTIFICATE OF SERVICE**

The undersigned declares as follows: on the 26th day of July 2019, I sent the foregoing document, via email and First Class U.S. Mail, to counsel for Plaintiff at the following address(es):

Brad Fisher (bradfisher@dwt.com)
Zana Bugaighis (zanabugaighis@dwt.com)
Jordan Clark (jordanclark@dwt.com)

Davis Wright Tremaine LLP
920 Fifth Ave, Suite 3200
Seattle, WA 98104-1610

I declare under penalty of perjury under the laws of the United States of America and the state of Washington that the foregoing is true and correct.

Signed at Portland, Oregon this 26th day of July 2019

**ANGELI LAW GROUP LLC**

s/ Tyler P. Francis
TYLER P. FRANCIS, WSBA No. 53533

*Attorneys for Defendant Philp Moyer*



**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880